## Disposal of Waste Products at State Institutions

WOODWARD, Deputy Attorney General, June 4, 1940.— We have your request for advice concerning the following questions:

1. May waste products be exchanged on a weight or count basis for products processed from that waste material; or

2. May they be exchanged for branded products purchased by the contractor and delivered to the institution in lieu of cash?

You state that during recent years a practice has grown up in your institutions for the exchange of certain waste materials including grease, fats, bones, and hides for processed products such as soaps and leather; and that recently some institutions have varied this practice by having the contractor furnish manufactured products including branded soaps, dishwashing powders, and cleaning compounds; and that many of these products cannot be purchased through the Department of Property and Supplies as standard specifications already exist for similar products.

Although not indicated by the language of your first question, it appears from the material attached to your inquiry that the exchanges referred to are those made with outside dealers and are not transfers by and between State institutions.

The sale and transfer of surplus products are governed by section 511 of The Administrative Code of April 9, 1929, P. L. 177, as amended by section 1 of the Act of June 21, 1937, P. L. 1865, 71 PS §191.

With reference to the sale of surplus products, section 511, as amended, provides, inter alia, as follows:

"All departments, boards and commissions may sell, for the best price obtainable, but not less than the current market price for similar products, any surplus products of the soil, meats, live stock, timber, or other materials, raised or grown upon or taken from property of the Commonwealth administered by such departments, boards, or commissions, or their by-products, respectively."

Concerning the manner of making transfers, this section 511 provides as follows:

"Transfers may be made of such products by and between State institutions under the control and management of such departments, boards or commissions."

Surplus products are defined in this section as follows:

"As used in this section, 'surplus' shall mean products, meats, live stock, timber, or other materials, or their by-products, respectively, which cannot conveniently and economically be used in connection with the proper maintenance of the institution, park, or other property, administered by the department, board, or commission involved . . ."

There is no provision in the code for the disposal of waste products as such; but waste fats, suets, grease, cracklings, bones, meat trimmings, pig skins, and calf skins mentioned in your inquiry are considered in this opinion as falling within the category of surplus products.

This section further provides for the payment of the proceeds of the sales of any surplus products into the State Treasury, and for the keeping of records of the sales or transfers of such products.

Concerning the manner of making transfers, section 511, as amended, provides, inter alia, as follows:

"The Executive Board shall prescribe rules and regulations prescribing the manner in which transfers shall be made under this section."

We are informed that no rules and regulations for the making of transfers have yet been prescribed by the Executive Board.

The only changes made in this section by the amendment of 1937 were the addition thereto of the provisions relating to transfers and the authority given to the Executive Board to prescribe rules and regulations therefor.

We find no provision in the code for the exchange of products with any outside dealer. To hold otherwise would be to disregard the plain language of the statute.

Section 2405 of the code deals with the sale by the Department of Property and Supplies of unserviceable personal property of the Commonwealth. For the purposes of this opinion, it is considered unnecessary to discuss that section.

As previously stated, section 511 of the code provides for the sale of surplus products and for the transfer of such products by and between State institutions; but we find no authority for the exchange of waste or surplus products with an outside dealer as suggested in your inquiry.

We are, therefore, of the opinion, and you are accordingly advised that:

1. Waste or surplus products may not be exchanged on a weight or count basis for products processed from that waste material.

2. They may not be exchanged for branded products purchased by the contractor and delivered to the institution in lieu of cash.

3. The sale and transfer of surplus products must be conducted in accordance with the provisions of section 511 of The Administrative Code of 1929, as amended by section 1 of the Act of 1937, supra.